BROWN RUDNICK LLP
RONALD RUS, #67369
rrus@brownrudnick.com
LEO J. PRESIADO, #166721
lpresiado@brownrudnick.com
2211 Michelson Drive
Seventh Floor
Irvine, CA 92612
Telephone:   (949) 752-7100
Facsimile:    (949) 252-1514

BROWN RUDNICK LLP
ALFRED R. FABRICANT
afabricant@brownrudnick.com
PETER LAMBRIANAKOS
plambrianakos@brownrudnick.com
BRYAN N. DEMATTEO
bdematteo@brownrudnick.com
Seven Times Square
New York, NY 10036
Telephone:   (212) 209-4800
Facsimile:    (212) 209-4801

Attorneys for Plaintiff,
NXP B.V.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NXP B.V., <br><br> Plaintiff, <br><br> vs. <br><br> MARVELL SEMICONDUCTOR, INC. and MARVELL TECHNOLOGY GROUP LTD., <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff NXP B.V ("NXP" or "Plaintiff"), by its undersigned counsel, Brown Rudnick LLP, files this complaint against Defendants, Marvell Technology Group Ltd. and Marvell Semiconductor, Inc. (collectively, "Marvell"), alleging as follows:

## NATURE OF THE ACTION

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, from Marvell's direct infringement and indirect infringement of United States Patent No. 5,939,791 ("the '791 patent"); United States Patent No. 7,039,133 ("the '133 patent"); United States Patent No. 8,185,050 ("the '050 patent"); and United States Patent No. 8,203,432 ("the '432 patent") (collectively, "the patents-in-suit").

## PARTIES

2. Plaintiff NXP B.V. is a corporation organized and existing under the laws of The Netherlands with its principal place of business at High Tech Campus 60, 5656 AG, Eindhoven, The Netherlands.

3. NXP is a holding company whose collective assets constitute one of the largest semiconductor manufacturers worldwide. NXP was the semiconductor division of its former parent company, Koninklijke Philips Electronics, from which it was spun off in 2006. NXP products are incorporated in automobiles, television sets, set-top boxes, and mobile telephones, and in security solutions for bank cards, electronic ID cards, passports and health cards.

4. NXP is a renowned pioneer in the field of Near Field Communication ("NFC") technology, which enables consumers everywhere to exchange data using radio technology over short distances of just a few centimeters. Indeed, NXP co-invented NFC technology. In general, NFC enables two devices to wirelessly exchange many types of data at close range. NFC can be used as an access key for services that include cashless payments, paperless admission tickets, online banking, online streaming or downloading of content, keyless hotel room access, and more.

5. NXP is the largest supplier of NFC controller chips worldwide. Moreover, NXP has led the development and standardization of NFC as a rapidly growing solution for secure short-range connectivity.

/ / /

6. Upon information and belief, Defendant Marvell Semiconductor, Inc. is a corporation organized and existing under the laws of the State of California, with a principal place of business listed at 5488 Marvell Lane, Santa Clara, California.

7. Upon information and belief, Defendant Marvell Technology Group Ltd. is a corporation organized and existing under the laws of Bermuda, with a principal place of business listed at 22 Victoria Street, Hamilton HM 12, Bermuda.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Upon information and belief, this Court has personal jurisdiction over Marvell Semiconductor, Inc. because it resides in the State of California and in this judicial district and regularly conducts business within this state and judicial district. Upon information and belief, Marvell Semiconductor, Inc. designs, tests, demonstrates, advertises, directly distributes, offers for sale, and sells its products and services within this state and judicial district.

10. Upon information and belief, this Court has personal jurisdiction over Marvell Technology Group Ltd. because it has committed, and continues to commit, acts of infringement in violation of 35 U.S.C. § 271 by placing infringing products into the stream of commerce with knowledge and/or understanding that such products are used and sold in the State of California and in this judicial district, in a manner that infringes the patents-in-suit, thereby causing damage to NXP. Upon information and belief, Marvell Technology Group Ltd. knowingly induced, and continues to knowingly induce, infringement within this state and judicial district by contracting with others to sell infringing products, and ultimately selling such products, that Marvell Technology Group Ltd. knew or should have known would be distributed and ultimately used within this state and judicial district. Upon information and belief, Marvell Technology Group Ltd. derives substantial revenue from interstate commerce, including from the sale of these infringing products, and/or expected or should reasonably have expected its actions to have consequences within this state and judicial district.

/ / /

11. Marvell Technology Group Ltd. has also purposefully availed itself of the privilege of litigating in this state and judicial district by filing a lawsuit in this Court.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Marvell is subject to personal jurisdiction in this district and has committed acts of direct and indirect patent infringement in this district.

## FACTUAL BACKGROUND

13. On August 17, 1999, the '791 patent, entitled "ELECTRICALLY CONDUCTIVE INTERCONNECTS FOR INTEGRATED CIRCUITS," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). NXP is the sole and rightful owner of all rights, title and interest in the '791 patent, including the right to sue for past infringement. A true and correct copy of the '791 patent is attached hereto as Exhibit A.

14. On May 2, 2006, the '133 patent, entitled "DATA CARRIER HAVING MEANS FOR SYNCHRONIZATION WITH A RECEIVED DATA STREAM," was duly and lawfully issued by the USPTO. NXP is the sole and rightful owner of all rights, title and interest in the '133 patent, including the right to sue for past infringement. A true and correct copy of the '133 patent is attached hereto as Exhibit B.

15. On May 22, 2012, the '050 patent, entitled "COEXISTANCE DEVICE COMMUNICATION BETWEEN A BLUETOOTH DEVICE AND A WIRELESS LOCAL AREA NETWORK DEVICE," was duly and lawfully issued by the USPTO. NXP is the sole and rightful owner of all rights, title and interest in the '050 patent, including the right to sue for past infringement. A true and correct copy of the '050 patent is attached hereto as Exhibit C.

16. On June 19, 2012, the '432 patent, entitled "METHOD OF READING A PLURALITY OF NON-CONTACT DATA CARRIERS, INCLUDING AN ANTI-COLLISION SCHEME," was duly and lawfully issued by the USPTO. NXP is the sole and rightful owner of all rights, title and interest in the '432 patent, including the right to sue for past infringement. A true and correct copy of the '432 patent is attached hereto as Exhibit D.

///

///

## COUNT I

### (Infringement of the '791 Patent)

17. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18. NXP has not licensed or otherwise authorized Marvell to make, use, offer for sale, sell, or import any products that embody the inventions of the '791 patent.

19. Marvell has and continues to directly infringe one or more claims of the '791 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing integrated circuits with near field communication capability ("NFC Chips"), including for example, the Marvell Avastar 88W8887 and 88W8897—802.11ac integrated circuits ("the Avastar Chips"), without authority and in violation of 35 U.S.C. § 271.

20. Marvell has and continues to indirectly infringe one or more claims of the '791 patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing devices incorporating Marvell's infringing NFC Chips. For example, Marvell, with knowledge that the Avastar Chips infringe the '791 patent, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '791 patent by selling the Avastar 88W8897 chips, and providing product information and other assistance in using the Avastar 88W8897 chips, with the intent that they be incorporated in the Xbox One® gaming consoles sold, offered for sale and imported into the United States by Microsoft Corporation and used by consumers and others within the United States.

21. NXP has suffered damages as a result of Marvell's direct and indirect infringement of the '791 patent in an amount to be proved at trial.

22. NXP has suffered, and will continue to suffer, irreparable harm as a result of Marvell's infringement of the '791 patent, for which there is no adequate remedy at law, unless Marvell's infringement is enjoined by this Court.

23. Marvell has been aware of its infringement of the '791 patent since at least January 9, 2015, when NXP notified Marvell that the Avastar 88W8897 infringes at least one claim of the

COMPLAINT FOR PATENT INFRINGEMENT
5

'791 patent. Upon information and belief, Marvell does not reasonably believe that the NFC Chips do not infringe the '791 patent or that the '791 patent is invalid. Accordingly, Marvell's infringement of the '791 patent was and continues to be willful and deliberate, entitling NXP to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT II

### (Infringement of the '133 Patent)

24. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

25. NXP has not licensed or otherwise authorized Marvell to make, use, offer for sale, sell, or import any products that embody the inventions of the '133 patent.

26. Marvell has and continues to directly infringe one or more claims of the '133 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the infringing NFC Chips, including for example, the infringing Avastar Chips, without authority and in violation of 35 U.S.C. § 271.

27. Marvell has and continues to indirectly infringe one or more claims of the '133 patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing devices incorporating Marvell's infringing NFC Chips. For example, Marvell, with knowledge that the Avastar Chips infringe the '133 patent, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '133 patent by selling the Avastar 88W8897 chips, and providing product information and other assistance in using the Avastar 88W8897 chips, with the intent that they be incorporated in the Xbox One® gaming consoles sold, offered for sale and imported into the United States by Microsoft Corporation and used by consumers and others within the United States.

28. NXP has suffered damages as a result of Marvell's direct and indirect infringement of the '133 patent in an amount to be proved at trial.

29. NXP has suffered, and will continue to suffer, irreparable harm as a result of Marvell's infringement of the '133 patent, for which there is no adequate remedy at law, unless Marvell's infringement is enjoined by this Court.

30. Marvell has been aware of its infringement of the '133 patent since at least May 14, 2014, when NXP notified Marvell that the Avastar 88W8897 infringes at least one claim of the '133 patent. Upon information and belief, Marvell does not reasonably believe that the NFC Chips do not infringe the '133 patent or that the '133 patent is invalid. Accordingly, Marvell's infringement of the '133 patent was and continues to be willful and deliberate, entitling NXP to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT III

### (Infringement of the '050 Patent)

31. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

32. NXP has not licensed or otherwise authorized Marvell to make, use, offer for sale, sell, or import any products that embody the inventions of the '050 patent.

33. Marvell has and continues to directly infringe one or more claims of the '050 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the infringing NFC Chips, including for example, the infringing Avastar Chips, without authority and in violation of 35 U.S.C. § 271.

34. Marvell has and continues to indirectly infringe one or more claims of the '050 patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing devices incorporating Marvell's infringing NFC Chips. For example, Marvell, with knowledge that the Avastar Chips infringe the '050 patent, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '050 patent by selling the Avastar 88W8897 chips, and providing product information and other assistance in using the Avastar 88W8897 chips, with the intent that they be incorporated in the Xbox One® gaming consoles sold, offered for sale and imported into the United States by Microsoft Corporation and used by consumers and others within the United States.

35. NXP has suffered damages as a result of Marvell's direct and indirect infringement of the '050 patent in an amount to be proved at trial.

/ / /

COMPLAINT FOR PATENT INFRINGEMENT
7

36. NXP has suffered, and will continue to suffer, irreparable harm as a result of Marvell's infringement of the '050 patent, for which there is no adequate remedy at law, unless Marvell's infringement is enjoined by this Court.

37. Marvell has been aware of its infringement of the '050 patent since at least September 4, 2014, when NXP notified Marvell that the Avastar 88W8897 infringes at least one claim of the '050 patent. Upon information and belief, Marvell does not reasonably believe that the NFC Chips do not infringe the '050 patent or that the '050 patent is invalid. Accordingly, Marvell's infringement of the '050 patent was and continues to be willful and deliberate, entitling NXP to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT IV

**(Infringement of the '432 Patent)**

38. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

39. NXP has not licensed or otherwise authorized Marvell to make, use, offer for sale, sell, or import any products that embody the inventions of the '432 patent.

40. Marvell has and continues to directly infringe one or more claims of the '432 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the infringing NFC Chips, including for example, the infringing Avastar Chips, without authority and in violation of 35 U.S.C. § 271.

41. Marvell has and continues to indirectly infringe one or more claims of the '432 patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing devices incorporating Marvell's infringing NFC Chips. For example, Marvell, with knowledge that the Avastar Chips infringe the '432 patent, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '432 patent by selling the Avastar 88W8897 chips, and providing product information and other assistance in using the Avastar 88W8897 chips, with the intent that they be incorporated in the Xbox One® gaming consoles sold, offered for sale and imported into the United States by Microsoft Corporation and used by consumers and others within the United States.

42. NXP has suffered damages as a result of Marvell's direct and indirect infringement of the '432 patent in an amount to be proved at trial.

43. NXP has suffered, and will continue to suffer, irreparable harm as a result of Marvell's infringement of the '432 patent, for which there is no adequate remedy at law, unless Marvell's infringement is enjoined by this Court.

44. Marvell has been aware of its infringement of the '432 patent since at least May 14, 2014, when NXP notified Marvell that the Avastar 88W8897 infringes at least one claim of the '432 patent. Upon information and belief, Marvell does not reasonably believe that the NFC Chips do not infringe the '432 patent or that the '432 patent is invalid. Accordingly, Marvell's infringement of the '432 patent was and continues to be willful and deliberate, entitling NXP to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

**PRAYER FOR RELIEF**

WHEREFORE, NFC prays for relief against Marvell as follows:

a. Entry of judgment declaring that Marvell has directly and/or indirectly infringed each of the patents-in-suit;

b. Entry of judgment declaring that Marvell's infringement of the patents-in-suit has been willful and deliberate;

c. An order pursuant to 35 U.S.C. § 283 permanently enjoining Marvell, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the patents-in-suit;

d. An order awarding damages sufficient to compensate NFC for Marvell's infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with interest and costs;

e. An order awarding NXP treble damages under 35 U.S.C. § 284 as a result of Marvell's willful and deliberate infringement of the patents-in-suit;

f. Entry of judgment declaring that this case is exceptional and awarding NXP its costs and reasonable attorney fees under 35 U.S.C. § 285; and

/ / /

COMPLAINT FOR PATENT INFRINGEMENT
9

g. Such other and further relief as the Court deems just and proper.

DATED: January 21, 2015

Respectfully submitted,
BROWN RUDNICK LLP

By: /s/ Ronald Rus
RONALD RUS
Attorneys for Plaintiff,
NXP B.V.

BROWN RUDNICK LLP
Ronald Rus, #67369
rrus@brownrudnick.com
Leo J. Presiado, #166721
lpresiado@brownrudnick.com
2211 Michelson Drive
Irvine, CA 92612
P: (949) 752-7100
F: (949) 252-1514

BROWN RUDNICK LLP
Alfred R. Fabricant
afabricant@brownrudnick.com
Peter Lambrianakos
plambrianakos@brownrudnick.com
Bryan N. DeMatteo
bdematteo@brownrudnick.com
7 Times Square
New York, NY 10036
P: (212) 209-4800
F: (212) 209-4801

Attorneys for Plaintiff, NXP B.V.

COMPLAINT FOR PATENT INFRINGEMENT
10

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a |
| 3 | trial by jury on all issues triable of right by a jury. |

DATED:  January 21, 2015

Respectfully submitted,
BROWN RUDNICK LLP

By:  /s/ Ronald Rus
RONALD RUS
Attorneys for Plaintiff,
NXP B.V.

BROWN RUDNICK LLP
Ronald Rus, #67369
rrus@brownrudnick.com
Leo J. Presiado, #166721
lpresiado@brownrudnick.com
2211 Michelson Drive
Irvine, CA 92612
P: (949) 752-7100
F: (949) 252-1514

BROWN RUDNICK LLP
Alfred R. Fabricant
afabricant@brownrudnick.com
Peter Lambrianakos
plambrianakos@brownrudnick.com
Bryan N. DeMatteo
bdematteo@brownrudnick.com
7 Times Square
New York, NY 10036
P: (212) 209-4800
F: (212) 209-4801

Attorneys for Plaintiff, NXP B.V.